Statement of the Case.
NICHOLLS, J.
Plaintiff alleged: That he was the owner of the following land, to wit: Being a part of the N. % of section 36, township 7 N., range 4 W., containing 104.28 acres, and being the land inclosed in blue (in a sketch annexed to and made part of the petition), which represents section 36, township 7 N., range 4 W.
That the said land is worth $2,500 and more. That defendant is in the illegal possession of the said land and. has been since 1904 (two years and more). That petitioner has been informed that the said Fletcher (bought?) this from (petitioner’s property) at a pretended sheriff’s sale made to him on the - day of May, 1904, which pretended sale shows upon its face that it is an absolute nullity, because the administrator was granted an order to sell the property of the succession of Mary Jones, and the property sold and in the possession of the defendant is not, nor ever was, the property of the succession of Mary Jones, but is the property of petitioner, and that the sheriff is not vested with the power to sell succession property, and can only sell as auctioneer, in which capacity he could not act, as the order authorized the administrator to sell the property of this succession. That this pretended sale is a nullity ab initio.
That said land was worth $400 per annum rent, making now due for rent up to the filing of this petition $800. That he has just been informed that the said J. N. Fletcher, defendant herein, had cut timber off of the said land and converted the same to his own use and benefit, to the value of $1,000, for which amount petitioner was entitled to a judgment against defendant.
That he acquired this property by inheritance from his father, Thos. J. Hickman, who entered it and also by partition with the other heirs in 1880, which partition is hereto referred to and made a part hereof, duly of record in the recorder’s office of your parish.
He prayed that defendant be cited, and that petitioner do have and recover judgment, declaring the pretended sale made by M. E. Swafford, sheriff, on the-day of May, 1904, to be null, void, and of no effect in law, and further decreeing petitioner to be the legal owner of the lands described in the foregoing petition as shown on the map or plat attached, and that he be put in possession of the same, and that if it becomes necessary that a writ of possession issue herein in default of the defendant giving peaceable possession, and that there be further judgment for $1,800 for rent and timber cut and sold, or used by the defendant, with 5 per cent, interest thereon from judicial demand until paid, for costs of suit and general relief in the premises.
Accompanying this petition was a sketch, a rough copy of which is hereto annexed.

*791 Defendant excepted that the petition of plaintiff was too vague and indefinite for defendant to know from reading it the tract of land to which the plaintiff sets up an alleged title or claim. BA prayed that plaintiff should be compelled to set forth specifically the tract which he pretended to claim by metes, bounds, and measurements, so that a surveyor could locate the tract, and, in default of his so doing, that the petition be dismissed. Defendant subsequently prayed for oyer of the deeds upon which the plaintiff relied. Plaintiff in answer to the prayer for oyer of the documents upon which the suit was based filed with the clerk of court: 1. (a) Partition of Hickman heirs.
.(b) Sale, -I-Iickman to Richardson.
(c) United States patent to Hickman.
The defendant under reservation of his exceptions filed, before answering to the merits filed the following plea of estoppel:
The plaintiff in his petition alleges that he acquired this property by inheritance from his father, Thomas J. Hickman, who entered it, and defendant admits that his father, Thomas J. Hickman, did enter the land in controversy in this suit. 1-Ie avers that plaintiff and plaintiff’s three brothers, James P. Hickman, William P. Hickman, and Charles S. Hickman, sole heirs of the entryman, Thomas J. Hickman, by authentic act pass ed .before S. B. Shackelford, clerk of district court, Grant parish, La., sold and delivered to James Richardson the land in controversy, together with other lands lying in the N. % of said section 36, township 7 N., range 4 W., containing 250 acres and more as set forth in the deed by them to the said Richardson, which deed is duly recorded in the conveyance records of Grant parish, wherein the said lands are located, and defendant further admitted that he was the owner and in possession of the greater portion of the land inclosed in blue on the plat attached to and made a part of the plaintiff’s petition, entered by plaintiff’s father as alleged, same being a part of the N. % of section 36, as aforesaid, and was the owner and in possession of other lands adjoining said portion inclosed in blue on the west, all of which defendant now pleaded as a complete bar, and estoppel to plaintiff’s alleged claim, and as an estoppel- forever estopping the plaintiff from claiming or pretending to claim the whole, or any portion of the land 'in controversy in this suit.
Defendant prayed that this plea of estoppel be filed and tried, prayed that on trial thereof it be sustained and plaintiff’s petition be dismissed, and his demand be rejected at his cost, and for general and equitable relief.
Under reservation of his exceptions and pleas defendant answered, pleading first a general denial. He then admitted that plaintiff’s father entered the land which plaintiff pretends to claim herein, and admitted and averred that he also entered the remainder of section 36, township 7 N., range 4 W., lying to the west'of the portion claimed by plaintiff, and defendant averred and alleged: That the plaintiff herein and his three brothers, James P. Hickman, William r. I-Iickman, and Chas. D. Hickman, sole heirs of the plaintiff’s father after the death of their said father, sold and delivered to James Richardson by authentic act, passed before S. B. Shackelford, clerk of court of Grant parish, when said sale was' made, all that portion of the N. % of said section claimed by plaintiff in this suit, together with the remainder1 of the N. % of said section lying to the west of such portion, which deed is duly of record in the conveyance records of Grant parish, in which said land is located.
That by authentic act before1 said clerk of court Mrs. S. J. Richardson, widow of James Richardson, aforesaid, deceased, at time of said sale named sold and delivered to Silas D.' Jones a portion of the land claimed by plaintiff herein, together with other lands, *793 which sale is duly of record in the conveyance records of Grant parish. That said Mrs. Richardson sold and delivered by authentic act before said clerk of court to T. W. Shaffer the remaining portion of the land claimed by the plaintiff herein together with other land which deed is duly of record in the conveyance records of Grant parish. That T. W. Shaffer, by authentic act before the clerk of court, sold and delivered to B. H. Phillips the lands so acquired and other lands, which deed is duly of record in the conveyance records of Grant parish, in Conveyance Book F, at about page 748. That B. H. Phillips sold and delivered to Silas D. Jones by private act duly acknowledged before the said clerk of court and duly proved by one of the subscribing witnesses thereto the lands thus acquired of him by T. W. Shaffer, which deed is duly of record in the conveyance records of Grant parish in Conveyance Book F, at or about page 768. That respondent, J. N. Fletcher, acquired said lands from said Silas D. Jones and the succession of his wife, Mary Jones, deceased, at succession convoked by Silas D. Jones, her surviving husband, as administrator, M. E. Swafford, sheriff, acting as auctioneer, which deed is duly of record in the conveyance records of Grant parish, and defendant now refers to the said sales as above set forth, and said succession proceedings in said succession having taken place in the phrish of Grant, in the district court holding for said parish, wherein Mary Jones was living at the time of her death, and where her husband, Silas D. Jones, was then and is now living at the time of her death. That defendant paid for the said lands the sum of $1,680, and that the lands so acquired by him, same being a portion of the N. % of section 36, township 7 N., range 4 W., is bounded on the east by the western line of the Juan De Leon Spanish grant, on the south by tract S. E. % of section 36, aforesaid, and *the S. W. % of the S. W. % of the N. E. % of said section, on the west by the N. W. % of said section, and on the north Red Lick bayou, containing in all an area of 84.11 acres, 13.75 of which lie on the west of the portion inclosed in blue on the plat attached to and made a part of plaintiff’s petition; the portion inclosed in blue being the tract which the plaintiff in this suit pretends to claim. Defendant admitted that the land in controversy is worth $2,500.
Defendant showed that he was the owner of the tract of land just described by virtue of the entry thereof as aforesaid by Thomas J. Hickman, the father of the plaintiff herein, the sale thereof by the plaintiff herein and his three brothers, named, sole heirs of said Thomas J. Hickman, entryman, deceased, to James Richardson, by mesne conveyances on down showing the transfer of title to defendant, and defendant showed that he and his authors in title, through mesne conveyances, aforesaid, have been in undisturbed and peaceable possession as owners under recording title translative of property of the said tract of land for a period of more than 20 years previous to this suit, in which this plaintiff sets forth his pretended claim, and defendant now pleaded in bar of plaintiff’s pretended claim and in support of his own title the prescription of three, five, ten, and twenty years, and prayed that said pleas be 'sustained.
Defendant now showed that Silas D. Jones and the succession of his deceased wife, aforesaid, of which said surviving husband as administrator warranted the title to the tract of land purchased by defendant from him, and in his capacity as administrator, were necessary parties to this suit, and respondent called him and said succession, through him as administrator thereof, in warranty, to the end that they may be made parties to this action as warrantors of respondent’s title, and showed that sale'and proceedings were according to law. Defendant now showed *795 that a survey of the N. Yz of section 36 was necessary, and that said survey should show the portion thereof owned and possessed by defendant, and the portion which plaintiff pretended to claim, together with the acreage of the N. Yz and of the portion of your defendant owns and possesses, and of the portion which the plaintiff pretended to claim, as well as also show the intersection of Juan De Leon Spanish grant with the.N. Yz aforesaid, and your respondent showed that Robert E. McKnight, a surveyor, resident of Colfax, La., was a competent person to make said survey.
Defendant prayed that -Silas D. Jones and succession of Mary Jones, his deceased wife, No. 1648, on docket of Thirteenth district court of Grant parish, La., through him as administrator, be called in warranty, and be cited to appear and to answer the plaintiff’s petition and this call in warranty, all according to law; that the pleas of prescription of three, five, ten, and twenty years and the plea of estoppel already filed urged by defendant herein be tried and sustained; that plaintiff’s petition be dismissed and his demand rejected at his costs, and your respondent decreed the owner of the land in controversy in this suit; that a commission issue, and an order directing empowering Robert E. McKnight, surveyor, to make a survey as hereinabove set forth, and, in the alterna-, tive, should respondent be cast in this suit, then respondent prayed for a judgment in his favor and against the said warrantors, Silas D. Jones -and succession of 'Mary Jones, his deceased wife, -of whose succession he is administrator, for the same judgment that may be rendered against him (respondent) on the principal action for whatever indemnity he may -be entitled to by law, and for the loss and damage sustained by reason of this action, and for all costs and for general and equitable relief.
The court ordered that Silas D. Jones and the succession of Mary Jones, deceased, Silas D. Jones, administrator thereof, be cited to answer the petition of the plaintiff and the call in warranty as prayed for, and ordered that Robert,E. McKnight, surveyor, make a survey of the lands in controversy, and that he make due return of said survey.
Plaintiff amended his petition, alleging that since the filing of the original petition two years’ rent had accrued at the rate of $400 per annum. He prayed for judgment for this rent. Defendant filed an amended answer, in which he alleged that he purchased the land in contest herein in good faith for a valuable consideration and for value, and that the -possession of defendant and his authors in title had been open, notorious, peaceable, and undisturbed and bona fide throughout. 1-Ie adopted all the allegations of his original answer.
The district court rendered the following judgment:
“This is a petitory action, in which plaintiff claims to be the owner of certain lands described in this petition, and which is in possession of defendant. It is admitted by the defendant that Thomas J. Hickman, the father of the present plaintiff, had a patent from the government to the N. Y¡ °f section 36, township 7, range 4 W. This patent is of date June 20, 1837, under a government survey made in 1848 by George S. Walmsley, and certified to by H. T. Williams of Louisiana. The Maria Torris grant was located across a portion of section 36, township 7 N., range 4 W., embracing the greater portion of the N. E. Y of said section, and is the land in controversy.
“On the 25th day of March the assistant Commissioner of the General Land Office of the United States rendered an opinion and decree canceling that portion of the Maria Torris grant located across the N. E. Y of section 36, the United States government having issued land scrip in lieu thereof. This perfected the government’s patent to T. J. Hickman to the N. B. Yz of section 36. It appears -by deed in the record that the heirs of Thomas J. Hielnnan sold to James Richardson the N. %.of section 36, township 7, range 4 W., outside the ‘Spanish Grant.’ This deed is of date November 25, 1881. This sale was made long before the decision of cancellation of the Maria Torris grant in 1903, as above stated. The widow' of James Richardson sold by deed dated the 20th of October, 1888, to T. W. Shafer, the following described land: ‘All that portion of land *797 owned by Mrs. T. J. Richardson in said section 36.’ Shaffer sold by deed dated the 17th of August, 1890, to B. H. Phillips, ‘his (Shaffer) entire undivided interest in and to the north half of section 36 T. 7, R. 4 west, as acquired from Mrs. Richardson, October 20, 1888. B. H. Phillips by deed dated October 20, 1890, sold to Silas D. Jones, his undivided interest in the north half of section 36 T. 7, R. 4 west, as acquired from Thomas Shaffer.’
“At the succession sale of Mary Jones, wife of Silas D. Jones, defendant herein, J. N. Fletcher purchased a tract of land described as follows: ‘About 70 acres of land bounded on the north and west by Red Lick bayou, on the eastern side by bayou, on the south by McNeely and being a portion of section 36 T. 7 R. 4 west.’ This sale was made on the 14th day of May, 1904, by M. E. Swafford, sheriff and ex-officio auctioneer of Grant parish. All of these deeds are in the record with the date of their recordation shown thereon. It appears by act of partition between the heirs of Thomas J. Hickman, dated the 8th day of October, 1875, that the plaintiff herein was allotted the land herein described as the N. E. % of section 36, township' 7, range 4 W.; it appearing that Silas D. Jones acquired the land sold originally by the Hickmans to Richardson, and by Richardson to Shaffer, and by Shaffer to Phillips, and by Phillips to Jones.
“The land in controversy lies within the limits of the Spanish grant in the N. E. % of .said section 36, township 7, range 4 W.
“The deeds from Hickman to Richardson and all the chain of title of defendants herein, as shown by the deeds down to Silas D. Jones, shows the same description, and do not embrace the plaintiff’s land herein acquired in the partition proceeding's with his coheirs in the N. E. of said section 36 within the limits of the said Spanish grant.
“It appears that defendant Jones was in possession of a portion only of the land claimed by plaintiff herein, but his title deeds give him no right to such a possession, as his deed embraced no lands within the limits of the Spanish grant, and, if the sheriff’s deed called for any land in the Spanish grant, the sale was a nullity, as it never belonged to Silas D. Jones, but to plaintiff. According to survey of B ringhurst of the land, defendant is in possession of 40 acres of land in the Spanish grant that belonged to plaintiff. This land defendant testified was worth $4 per acre per annum rent, which rent plaintiff is entitled to recover of defendant.
“There is no evidence in the record as to the value of the improvements, and no allegations of proof as to how much taxes were paid, and no damages of any kind proven, and this court cannot fix these various items. For these reasons and by reason of the law and the evidence, it is ordered, adjudged, and decreed that plaintiff do 'have and recover of defendant all of the land in the N. E. % of section 36, township 7, range 4 W., embraced in the Spanish grant, now in possession of defendant, as shown by surveyor’s plat of R. W. Bringhurst made April 12, 1908, marked ‘plaintiff G’ and in the record of this ease, containing 40 acres, more or less. It is further ordered, adjudged, and decreed that plaintiff recover of defendant $4 per acre per annum rent for the use and occupancy of the land from and inclusive of the year 1903.
“It is further ordered, adjudged, and decreed that defendant herein, J. M. Fletcher, do have and recover of Silas I). Jones, individually and as administrator of the succession of Mary Jones, $1,122.22, the purchase price, this being the proportion of the purchase price of 40 acres to the whole amount paid. It is further orderedathat defendant pay all costs of this suit, and it is further ordered that defendant recover of his warrantor the costs of this litigation, and plaintiff recover of defendant all costs. Thus done, read, and signed in open court at Colfax, La., this 14th day of December, MOS.”
Defendant having applied for a new trial, the district court rendered the following decree:
“On motion for a new trial, after careful examination again of the evidence, I am satisfied that my original judgment was correct, but defendant insists that I did not pass on his pleas of estoppel and prescription, and asks that his rights to bring suit for taxes paid and value of improvements be reserved to him. For the purpose of passing on these pleas, the new trial is granted, and it is now ordered that the plea of prescription and estoppel filed by defendant be overruled, and it is further ordered and decreed that defendant’s rights to sue for the taxes paid and value of the improvements made be reserved, and in all other respects the original judgment rendered in this case on the 14th day of December, 1908, be reinstated and to stand, as thus amended, as the judgment of the court.”
Defendant has appealed.
Plaintiff has answered the appeal. He alleges that the judgment appealed from is erroneous and prejudicial to him in the following respects:
(1) That the judgment appealed from does not recognize, as against defendant, plaintiff’s title to all of the land situated in N. E. % of section 36, township 7 N., range 4 W., involved in the Spanish grant known as the Maria Taurus grant, and shown on the maps of the United States government.
(2) That said judgment does not decree plaintiff as against defendant entitled to' possession of all of the said land involved in *799 said Maria Taurus grant and situated 'in the N. % of said section 30.
(3) That the court a qua erroneously described the land adjudged as belonging to plaintiff as covering 40 acres, more or less; plaintiff’s right being to all of the land claimed by defendant in the Maria Taurus grant in said N. E. Vi of section 36, township 7 N., range 4 W.
(4) That the full amount of rents and revenues claimed in plaintiff’s petition should have been allowed.
In view of the premises, appellee prayed that the .judgment appealed from be amended in his favor so as to correct the errors above indicated and for general relief.
On the 20th of June, 1837, the President of the United States issued a patent to Thomas J. Hickman to the N. Vi. of section 36 in township 7 of range 4 W., in the district of -, lands subject to sale at Ouachita, La., containing 319.50 acres, according to the official plat of the survey of the said land returned to the land office by the Surveyor General.
On the 26th of October, 1875, the patentee, Thomas J. Hickman, having died, his four sons, Thomas J. Hickman, William P. Hickman, James P. Hickman, and Charles D. ■Hickman, by act sous seing prive declared that as heirs of Thomas J. Hickman, being desirous of affecting an amicable partition of certain property belonging to their said ancestor, agreed upon the following division;
“The said Thomas J. Hickman receives the northeast (N. E.) Vi of section (14) fourteen, the (N. E. Vi) northeast quarter of section (36), thirty-six, the (S. W. Vi) southwest quarter of <S. W. Vi) southwest quarter of section (15) fifteen.
“The said William P. Hickman receives the (S. E. V) southeast quarter of section (14) fourteen ; the (N. W. V5 northwest quarter of section thirty-six (36), and the N. W. Vi of S. W. Vi of S. W. Vi> of section (15) fifteen.
“The said James P. Hickman receives the (S. W. %) southwest quarter of section-(14) fourteen ; the (S. E. Vi) southeast quarter of section 36.
“The said Charles Dennis Hickman receives the (N. E. Vi) northeast quarter of section (25) twenty-five; the (S. W. Vi) southwest quarter of section (36) thirty-six, and (N. E. Vi) northeast quarter of (S. W. V) southwest quarter of section (25) twenty-five.
“It is understood by these parties hereto that this partition, though the number of acres are not mentioned herein, is permanent, and that they agree upon the United States survey according to sections and quarter sections, and that they guarantee the lines but not the number of acres.
“All of said property situated in township 7 N. range (4) four W., and the Northwestern land district of Louisiana, and this partition is done with full reservation of all rights that the parties hereunto have with regard to any property which may be coming to them from their said ancestors, and is not intended as a compromise.
“Thus done and passed in the town of Colfax, parish of Grant on this the 26th day of October, A. D. 1875.
“[Signed] Thomas J. Hickman.
“William P. Hickman.
“Jas. P. Hickman.
“Chas. D. Hickman.
“Witnesses;
“J. W. Callam.
“A. Lemee.”
On the 25th of November, 1881, James P. Ilicliman and William P. I-Iiekman executed by notarial act before Shackelford, notary public, in presence of the witnesses named in said act, in which they declared that they did by said act—
“sell, transfer, set over and deliver with full guarantee the following described property — to wit:
“250 acres of land more or less situated in the Parish of Grant and State of Louisiana, and being the North half of section thirty-six, township seven north range four west, outside of the Spanish Grant intersecting the said section thirty-six, and said North half thereof, it being-understood that in case thereof being any considerable quantity of land more than the said two hundred and fifty acres, said James Richardson shall and is hereby entitled to have and to hold the same, as after the payment of the price per acre hereafter agreed upon for the purchase price of said two hundred and fifty acres, and if there be any considerable quantity less than two hundred and fifty acres, then the said James P. and William P. I-Iickman shall refund to said James Richardson whatever amount he shall have paid therein in excess of this sale and transfer of property is made unto the said James Richardson his heirs and assigns executors and administrators for and in consideration of the sum of two dollars and fifty cents per acre for said land cash' in hand paid receipt whereof is hereby acknowledged by *801 the said James P. and William P. Hickman and full acquittance thereof given unto the sai.1 James Richardson.
“The parties hereto expressly waive the production of the certificate from the recorder of the said parish of Grant, otherwise required by law and agree that all taxes eligible to date against said landed property have been paid.
“Thus done and read and signed in my office in the town of Colfax, Louisiana, in the presence of S. B. Newman and R. S. C.ameron, competent witnesses, and me, notary, on this-day and date above written.
“[Signed] James P. Hickman.
“William P. Hickman.
“Charles D. Hickman.
“Thomas Hickman.
“James Richardson.
“Witnesses
“S. B. Newman.
“R. S. Cameron.”
Charles D. Hickman and Thomas Hickman also appeared in said act and signed the same though their names are nowhere mentioned therein.
Opinion.
The first matter to which our attention is called is as to what “Spanish Grant” is referred to by the parties to the Richardson act, for there were two grants in -which section 36, township 7, range 4 W., was concerned. One of these grants was that known as the “Juan De Leon” grant, the other the “Maria Taurus” grant. The defendants insist that, when the Hickmans declared that they sold to James Richardson “250 acres of land outside of the Spanish grant intersecting the said section 36,” they referred to the Juan De Leon grant, while the plaintiff contends that the grant to which reference was therein made was the Maria Taurus grant.
We concur in opinion -with the conclusion of the trial judge that the plaintiff’s contention is correct. In the brief filed on behalf of the defendant it is said that a plat marked “plaintiff G” on the-back shows that there are two intersections of the N. V> of said section, one by the Maria Taurus and the other by the Juan De Leon.
The plat 'in question does not show an intersection of N. E. % by the Juan De Leon grant, but shows that the latter grant “cuts off a small portion of the N. %, while the Maria Taurus grant under the No. 38 was through the N. % of the section intersecting it.”
We fail to appreciate the force of the plea of estoppel filed by the defendant. The plaintiff has always claimed to own-the N. % of section 36 under a patent from the government of the United States. He does so now. He does not assert any right under a Spanish grant. The only reason why “the Spanish grant” was mentioned at all in the Richardson act was the fact that, in Spite of the patent to plaintiff’s father, the government none the less subsequently located the grant, and made it cover a portion of the same land which it had previously sold and patented to Hickman, and what would be the ultimate result from that situation was uncertain. Under such circumstances the Hick-mans were unwilling to risk making a sale of any land which might fall in the Maria Taurus grant, should it ultimately be maintained.
The government finally, in consequence of its prior sale and patent to Thomas J. Hickman, canceled the location of the Maria Taurus grant through the section 36, and gave the parties claiming under the grant scrip in satisfaction of their rights, thereby freeing the patent to Hickman from the cloud which up to then had been thrown upon it by the Maria Taurus grant.
We think the plea of prescription was properly overruled for want of sufficiency of description of the land conveyed in the different acts of sale, and certainly as to the possession of the different purchasers of the land purchased by them. The transfer from the Hickmans to Richardson declared expressly that the property sold to Richardson was of land outside of the Spanish grant.
Fletcher’s purchase, in which for the first *803 time there was anything like a definite description of the land sold, was not sufficiently far back to be recovered by the prescription of 10 years.
Having reached the conclusion that the land sold to James Richardson was confined to land “outside of the Maria Taurus grant,” the only question left for decision was whether any of the land possessed by Fletcher was inside of the lines of that grant.
We think, as did the trial judge, that he is in possession of lands within the limits of that grant, and to the extent that he is in possession of lands within such limits he is in possession of lands belonging to the plaintiff.
Defendant does not contest the correctness of the location of the Maria Taurus grant by Bringhurst, surveyor, through his survey by means of the field notes of the location of the same by the United States authorities as sworn to, and shown also by his testimony taken in the case. We find no error in the judgment, other- than that rent of the property should have been decreed to be paid to the plaintiff anterior to the judicial demand made in this case.
There is no ground for amending the judgment as prayed for by the plaintiff. The plaintiff’s demand is for the lands alleged by him to be in defendant’s possession. The judgment rendered is against the defendant for all lands within the lines of the Maria Taurus grant which are in defendant’s possession. Any judgment conveying land beyond that would be outside of the pleadings, and could have no significance or effect. '
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and the same is, amended in so far as it decrees that plaintiff recover of defendant $4 per acre rent for the use and occupancy of the land sued for in and including the year 1903, and it is now ordered, adjudged, and decreed that plaintiff recover of the defendant $4 per acre per annum rent for the use and occupancy of the land from and after the judicial demana made in this case, and, said amendment having been made, it is ordered and decreed that the judgment appealed from be, and the same is hereby, affirmed.